# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WAYNE J.,[1] | : | Case No. 3:20-cv-353 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[2]

**I.  INTRODUCTION**

Plaintiff Wayne J. filed an application for Supplemental Security Income in June 2017 and, following the death of his wife, for Widower's Insurance Benefits in January 2019. His claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Marc Jones concluded that Plaintiff was not eligible for benefits because he is not under a "disability" as defined in the Social

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] *See* 28 U.S.C. § 636(b)(1). The notice at the end of this opinion informs the parties of their ability to file objections to this Report and Recommendations within the specified time period.

1

Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This case is before the Court on Plaintiff's Statement of Errors (Doc. 9), the Commissioner's Memorandum in Opposition (Doc. 12), and the administrative record (Doc. 7).

## II.     BACKGROUND

Plaintiff asserts that he has been under a disability since July 23, 2003. At that time, he was thirty-six years old. Accordingly, Plaintiff was considered a "younger person" for purposes of determining his entitlement to disability benefits. *See* 20 C.F.R. §§ 404.1563, 416.963(c).[3] Plaintiff has a limited education.

The evidence in the record is summarized in the ALJ's decision (Doc. 7-2, PageID 45-56), Plaintiff's Statement of Errors (Doc. 9), and the Commissioner's Memorandum in Opposition (Doc. 12). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

---

[3] The remaining citations will identify only the pertinent Supplemental Security Income Regulations, as they are similar in all relevant respects to the corresponding Widower's Insurance Benefits Regulations.

### III. STANDARD OF REVIEW

The Social Security Administration provides Widower's Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." (*Id.*)

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the

agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (*Id.*) (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

**IV.    THE ALJ'S DECISION**

As noted previously, the Administrative Law Judge was tasked with evaluating the evidence related to Plaintiff's applications for benefits. In doing so, the Administrative

Law Judge considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He made the following findings of fact:

Step 1: Plaintiff has not engaged in substantial gainful employment since July 23, 2003, his alleged onset date.

Step 2: He has the severe impairments of carpal tunnel syndrome; coronary artery disease; obesity; chronic obstructive pulmonary disease (COPD); degenerative disc disease; and status post surgeries on his left elbow and right shoulder.

Step 3: He does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), permits him to perform "light work [ ] except [Plaintiff] can lift and carry twenty pounds occasionally and ten pounds frequently. [Plaintiff] can sit for six hours and stand and/or walk for six hours for a total of eight hours in a workday, with normal breaks. [Plaintiff] can frequently reach, handle, finger, and feel. [Plaintiff] can frequently climb ramps and stairs and frequently stoop. [Plaintiff] can occasionally crawl. [Plaintiff] can occasionally work in extreme heat and occasionally work in dusts, odors, fumes, and pulmonary irritants. [Plaintiff] can never climb ladders, ropes, or scaffolds, never work at unprotected heights, and never be around dangerous machinery with moving mechanical parts. Every 60 minutes, [Plaintiff] must be allowed to shift positions or alternate between sitting and standing for one to two minutes at a time while remaining on task."

Step 4: He cannot perform any of his past relevant work.

Step 5: Considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 7-2, PageID 48-55.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.*, 56.)

## V.     ANALYSIS

Plaintiff does not dispute the medical summary set forth in the ALJ's opinion. (Doc. 9, PageID 1308.) Instead, he argues that the ALJ erred by finding, in his residual functional capacity assessment, that Plaintiff can perform light work. Plaintiff contends that he is incapable of performing light work because "he will partake in off-task behavior in excess of the tolerated amount and require monthly absences in excess of six (6) per year" due to his severe physical impairments and corresponding pain. (*Id.*, 1309.) He also challenges the ALJ's reliance on vocational expert testimony that was based upon the ALJ's hypothetical that Plaintiff could perform light work. (*Id.*)

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). The Commissioner makes this determination based on relevant evidence in the record, which includes objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings.[4] *See* 20 C.F.R. § 416.945(a)(1)-(5). Consistent with applicable regulations, an ALJ may also rely on the testimony of a vocational expert. 20 C.F.R. § 416.960(b)(2). "Substantial evidence may be produced through reliance on

---

[4] Plaintiff's applications were filed after March 27, 2017. Therefore, they are governed by revised regulations that determine how evidence is categorized and evaluated. *See* 20 C.F.R. §§ 416.920b(c) & 416.920c.

6

the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'" *Varley v. Sec'y of HHS*, 820 F.2d 777, 779 (6th Cir. 1987).

  Here, substantial evidence supports both the ALJ's residual functional capacity assessment and his consideration of the vocational expert's related testimony. The ALJ's summary of the medical evidence—to which Plaintiff does not object—includes substantial evidence that supports the ALJ's findings of fact and conclusions of law. (Doc. 7-2, PageID 48-54.) For example, two state agency reviewing physicians, Drs. Mehr Siddiqui and David Knierim, determined that Plaintiff was capable of light work with additional limitations. (*Id.*, 54.) The ALJ found these opinions to be persuasive as they were consistent with, and supported by, the record. (*Id.*) The ALJ also found persuasive the substantially consistent opinion of medical consultative examiner Dr. Rohn Tysen Kennington, who determined after an in-person examination that Plaintiff would be capable of light work. (*Id.*) Dr. Kennington accounted for Plaintiff's chronic back pain by noting that it would limit his ability to sit, stand and walk to no more than an hour at a time. (*Id.*) The ALJ, in turn, accounted for Dr. Kennington's opinion by including a sitting/standing limitation in the residual functional capacity assessment.[5] (*Id.*)

---

[5] Specifically, the ALJ included this limitation: "Every 60 minutes, the claimant must be allowed to shift positions or alternate between sitting and standing for one to two minutes at a time while

Despite the fact that the ALJ adopted a sitting/standing limitation to account for Dr. Kennington's observations of Plaintiff's limited range of motion and pain, Plaintiff contends that the ALJ failed to give sufficient weight to these observations. He argues that these observations show that he would be unable to maintain employment due to an unacceptable amount of time off-task and absences. (Doc. 9, PageID 1312-13.)

No evidence supports this assertion. Plaintiff does not cite to any record evidence, but instead speculates only that "[i]t is likely" that his physical conditions will cause him to be off-task and/or miss work. (Doc. 9, PageID 1312.) Neither Dr. Kennington nor any other acceptable medical source opined that Plaintiff's limited range of motion and pain would cause him to be off-task for an unacceptable amount of time or miss work for an unacceptable number of days. Moreover, Plaintiff's argument ignores the sitting/standing limitation incorporated into the residual functional capacity assessment. Thus, even if this Court could weigh the evidence in the record—and it cannot do so—it would have no grounds for accepting Plaintiff's argument.

Plaintiff also argues that he is incapable of light work because he cannot lift more than five (5) pounds. *See* 20 C.F.R. 416.967 ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.") But substantial evidence supports the ALJ's conclusion that Plaintiff can lift

---

remaining on task." (Doc. 7-2, PageID 51.) The vocational expert testified that these limitations would not be work-preclusive. (*Id.*, 87.)

and carry twenty pounds occasionally and ten pounds frequently. Dr. Kennington's in-person examination found that Plaintiff "had full 5/5 muscle strength." (Doc. 7-2, PageID 53.) The ALJ also noted that Plaintiff is "described as having normal strength." (*Id.*) This evidence is sufficiently substantial to support the ALJ's determination on this issue.

In sum, substantial evidence supports the ALJ's residual functional capacity assessment and consideration of the vocational expert's testimony. Accordingly, Plaintiff's Statement of Errors is without merit.

**IT IS THEREFORE RECOMMENDED THAT:**

    1.    The ALJ's non-disability determination be **AFFIRMED**; and

    2.    The case be terminated on the docket of this Court.

March 8, 2022                                                                        */s/ Caroline H. Gentry*
                                                                                     Caroline H. Gentry
                                                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).